FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

February 11, 2026

Christopher M. Wolpert
Clerk of Court

_____

JOSIAS ORTIZ,

     Plaintiff - Appellant,

v.

THE PEOPLE OF THE STATE OF COLORADO,

     Defendant - Appellee.

No. 25-1390
(D.C. No. 1:25-CV-01713-LTB-RTG)
(D. Colo.)

_____

### ORDER AND JUDGMENT*
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Josias Ortiz is a state criminal defendant who is currently appealing his conviction to the Colorado Court of Appeals. The Court of Appeals appointed counsel to represent Ortiz in his appeal. Because he was dissatisfied with appointed counsel, Ortiz sought to represent himself and

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

proceed pro se. The Court of Appeals denied Ortiz's request, apparently on the ground that Ortiz was not competent to represent himself.

Believing that the Court of Appeals violated his Sixth Amendment right to self-represent, Ortiz filed the instant lawsuit in the form of a "Petition to the U.S.D.C. to Intervene in an Interlocutory Appeal for Writ of Mandamus." Ortiz subsequently filed an amended petition in which he requested that the district court stay his state appeal and remove his appointed counsel, among other relief.

After reviewing Ortiz's petition, a magistrate judge recommended dismissal under the doctrine of *Younger* abstention. In response, Ortiz filed a "Motion for Review, Rejoinder to Order to Show Cause." The district court construed this filing as an objection to the magistrate judge's recommendation, overruled the objection as construed, adopted the recommendation, and accordingly dismissed the case without prejudice. This timely appeal followed. We have jurisdiction under 28 U.S.C. § 1291.[1]

We review the application of the *Younger* abstention doctrine de novo. *Winn v. Cook*, 945 F.3d 1253, 1257 (10th Cir. 2019). *Younger* requires

---

[1] This is Ortiz's second attempt to challenge the appointment of his counsel in state court. We dismissed a previous appeal – stemming from a different district court case brought directly against his appointed counsel – due to lack of subject matter jurisdiction. *Ortiz v. Sidley-Mackie*, No. 25-1312, 2025 WL 3229269 (10th Cir. Nov. 19, 2025).

2

federal courts to abstain from exercising jurisdiction in cases that could interfere with state proceedings when three conditions are met: (1) there is an ongoing state legal proceeding, (2) the state court provides an adequate forum for hearing the claims raised in federal court, and (3) the state proceedings involve important state interests. *Id.* at 1258. All three conditions exist here.

First, Ortiz's direct appeal is an ongoing state legal proceeding. Second, Ortiz does not identify barriers to his ability to raise his Sixth Amendment claims before the Colorado Court of Appeals. *See Moore v. Sims*, 442 U.S. 415, 430 & n.12 (1979) (a state forum is adequate when state law doesn't impose procedural barriers). While he takes issue with the Court of Appeals' ultimate decision, *Younger* doesn't require a "favorable result," just an "adequate state-court forum." *Winn*, 945 F.3d at 1258 (emphasis omitted). Finally, Ortiz's direct appeal is criminal in nature, and state criminal enforcement is precisely the type of important state interest *Younger* was meant to protect. *Id.*

Since the district court was correct to abstain under *Younger*, we affirm. We grant Ortiz's motion to proceed in forma pauperis and remind him that he must continue making partial payments until his entire fee has been paid.

AFFIRMED.

Entered for the Court

Richard E.N. Federico
Circuit Judge